IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERIE BUDY,

       Plaintiff,      Case No. 3:14 CV 807

 -vs-

                  MEMORANDUM OPINION

FEDERAL EXPRESS CORPOATION,

       Defendant.

KATZ, J.

Defendant Federal Express Corporation (FedEx) has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (Doc. No. 23). Plaintiff Cherie Budy has filed a response. (Doc. No. 31). FedEx has filed a reply (Doc. No. 33), and Budy has filed a surreply. (Doc. No. 37).

I. Jurisdiction and Venue

The Court finds that it has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is also properly before this Court. *See* 28 U.S.C. § 1391; N.D. Ohio R. 3.8.

II. Facts

The following facts are undisputed. Ms. Budy began working for FedEx's Toledo, Ohio station in 1985 as a seasonal employee before becoming a full-time employee in 1986. At the time of her termination in 2012, Ms. Budy worked as a full-time courier and was responsible for sorting packages, loading the packages on her truck, and leaving the station to deliver the packages to FedEx customers based on her assigned route.

During her employment, Ms. Budy received copies of FedEx's employee's handbook which set forth the policies of the company. She also received copies of the company's Acceptable Conduct Policy and Performance Improvement Policy, which noted that an employee

who received three letters of discipline or deficiency within a twelve-month period was normally discharged.  Ms. Budy also received copies of the company's attendance policy which required her to appear on-time at least 96% of the time, or she could be subject to discipline.

During her employment, Ms. Budy took several leaves of absences for medical or family reasons.  In 2007 and 2011, Ms. Budy filed the necessary papers requesting intermittent leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., so she could care for family members with health conditions.

Ms. Budy's FMLA request was approved for the period between March 2001, through February 2012, so as to care for her daughter's medical condition and to take her daughter to medical appointments.  However, Ms. Budy did not use FMLA leave during this time to care for her daughter.  Further, Ms. Budy did not request intermittent FMLA leave beyond February 2012 because her daughter's health had improved and Ms. Budy did not need to extend the request.

During her employment, Ms. Budy was counseled or disciplined by FedEx on multiple occasions for failing to comply with the company's policies or her manager's directives.  She also received counseling on numerous occasions regarding her tardiness.  Ms. Budy was disciplined multiple times for failing to meet the company's punctuality requirements.

Although within its authority to do so, FedEx chose not to terminate Ms. Budy on at least two occasions before her 2012 termination, when she had received three or more disciplinary letters within a twelve-month period.  Ms. Budy admits that during her employment, she was aware of the company's Guaranteed Fair Treatment Procedure where she was allowed to contest discipline and certain other employment actions that she believed to be unfair.  She was also familiar with the company's Internal EEO Complaint Process wherein an employee may complain

2

of discrimination, harassment, or retaliation. Although Ms. Budy utilized the Fair Treatment Procedure to appeal a 2007 disciplinary letter and the final disciplinary letter of 2012, which resulted in her termination, she did not use the procedure or the EEO Complaint Process to contest the other disciplinary letters she received for poor punctuality.

In 2010, Ms. Budy began reporting to Manager Michelle Sullivan. During the next two years, Ms. Sullivan counseled Ms. Budy on several occasions regarding her poor punctuality and failure to follow company procedures. Ms. Sullivan also complimented Ms. Budy when she met or exceeded her courier goals or otherwise demonstrated good performance.

On September 28, 2011, Ms. Sullivan disciplined Ms. Budy for unsatisfactory punctuality after Ms. Budy arrived late to work twelve times in twelve months. Ms. Budy did not contest this decision under FedEx's internal appeal process. When Ms. Budy again failed to correct her punctuality problems, Ms. Sullivan disciplined Ms. Budy on January 16, 2012, for arriving late to work eleven times in twelve months. Ms. Budy did not appeal this decision.

From April 2012 to June 2012, Ms. Sullivan counseled Ms. Budy three times regarding Ms. Budy's failure to punch out her paper time card at the time clock before she turned in her time cards and left her station for the day. Ms. Budy was admittedly trained and familiar with the procedures required by FedEx upon completing her delivery route for the day. When Ms. Budy failed to clock out for the sixth time in a period of two months, Ms. Sullivan disciplined her in June 2012, for time-card process failure. Because this was the third disciplinary letter Ms. Budy received in twelve months, Ms. Sullivan terminated Ms. Budy employment pursuant to company policy.

Ms. Budy contested her final disciplinary letter and termination under FedEx's Fair Treatment process. The letter and termination was upheld through the company's appeal and review procedures.

Ms. Budy states that in late spring or summer of 2011, she told her managers that she was having joint pain in her shoulders and knees. She was undergoing tests to determine the cause of her pain. Ms. Budy's tests were inconclusive and she never received a diagnosis or explanation for the joint pain. After October 2011, Ms. Budy felt well enough to cease seeking medical attention for the joint pain.

Ms. Budy testified that she did not remember why she was one minute late arriving to work on June 13 and 20, 2011, and three minutes late on August 15, 2011. Further, she does not remember if she told her manager why she was late every time she was tardy to work.

Ms. Budy did state that on at least two occasions in June 2011, she told her managers she was sick and could not get out of bed. Ms. Budy feels that these two late arrivals should be excused as FMLA leave time. She further believes that she would not have received one or both of the disciplinary letters of 2011 and 2012 for unsatisfactory punctuality if her manager had not counted these two late arrivals against her punctuality record. Ms. Budy conceded that she did not think Ms. Sullivan discriminated against her because of her age and gender.

Ms. Budy believes that her senior manager, Jason Straub, was responsible for her termination and discrimination. She feels that Mr. Straub may have wanted her to leave the company because he cares about cutting costs. Ms. Budy stated that she was at the top of the pay scale for her position and that she was "an expensive employee."

On March 19, 2014, Ms. Budy sued FedEx in the Wood County, Ohio, Court of Common Pleas. In her complaint, Ms. Budy alleged that she was "willfully discriminated against" because of her sex and age in violation of Ohio Rev. Code "Chapter 4112" and § 4112.02. She also alleged a violation of her rights under the FMLA. FedEx subsequently removed the case to this Court under the Court's federal question jurisdiction as a result of Ms. Budy's FMLA claim.

### III. Standard of Review

Summary judgment is proper where "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting a genuine issue of material fact must support the argument either by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). A court views the facts in the record and reasonable inferences which can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). A court does not weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

The party requesting summary judgment bears an initial burden of demonstrating that no genuine issue of material fact exists, which the party must discharge by producing evidence to demonstrate the absence of a genuine issue of material fact or "by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25 (1986) (internal quotation marks omitted). If the moving party satisfies this burden, the nonmoving party "may not rest upon its . . . pleadings, but rather must set forth specific facts

showing that there is a genuine issue for trial." *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir. 2009) (citing Rule 56 and *Matsushita,* 475 U.S. at 586). The party opposing the summary judgment motion must present sufficient probative evidence supporting its claim that disputes over material facts remain; evidence which is "merely colorable" or "not significantly probative" is insufficient. *Anderson,* 477 U.S. at 248–52.

## IV. Discussion

Ms. Budy alleged that FedEx violated her rights under the FMLA. The Sixth Circuit

> has recognized two discrete theories of recovery under the FMLA: (1) the so-called "interference" or "entitlement" theory arising from § 2615(a)(1), and (2) the "retaliation" or "discrimination" theory arising from § 2615(a)(2). Although we have held that a claim for retaliatory discharge is cognizable under either theory, the requisite proofs differ. The interference theory has its roots in the FMLA's creation of substantive rights, and if an employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave, a violation has occurred, regardless of the intent of the employer. The central issue raised by the retaliation theory, on the other hand, is whether the employer took the adverse action because of a prohibited reason or for a legitimate nondiscriminatory reason. In contrast to the interference theory, the employer's motive is relevant because retaliation claims impose liability on employers that act against employees specifically because those employees invoked their FMLA rights.

*Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 282 (6th Cir. 2012) (internal quotation marks, alterations, and citations omitted).

Section 2615(a)(1) makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" any FMLA provision. To establish a prima facie case of FMLA interference, Ms. Budy must show that:

> (1) she was an eligible employee; (2) the defendant was an employer as defined under the FMLA; (3) the employee was entitled to leave under the FMLA; (4) the employee gave the employer notice of her intention to take leave; and (5) the employer denied the employee FMLA benefits to which she was entitled.

*Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012) (citation omitted).

6

To establish a prima facie case of retaliation under the FMLA, Ms. Budy must show that: (1) she was engaged in a statutorily protected activity; (2) FedEx knew that she was exercising her FMLA rights; (3) she suffered an adverse employment action; and (4) a causal connection existed between the protected FMLA activity and the adverse employment action. *Seeger*, 681 F.3d at 283. "'The burden of proof at the prima facie stage is minimal; all the plaintiff must do is put forth some credible evidence that enables the court to deduce that there is a causal connection between the retaliatory action and the protected activity.'" *Id*. (quoting *Dixon v. Gonzales*, 481 F.3d 324, 333 (6th Cir. 2007)).

In her complaint, Ms. Budy fails to allege which theory of recovery under the FMLA she is pursuing. However, in her response to FedEx's motion for summary judgment, Ms. Budy states that the termination concerned the "denial of, interference with, or retaliation against her for exercising rights" under the FMLA. (Doc. No. 31, p. 2). Therefore, the Court will evaluate Ms. Budy's FMLA allegation under both theories.

To be entitled to FMLA leave, Ms. Budy is required to show that she had a serious health condition that made her unable to work. *See* 29 U.S.C. § 2612(a)(1)(D). Because Ms. Budy failed to receive inpatient care during the summer of 2011, the period in question, she must establish that she underwent "continuing treatment" for a "serious health condition." *See* 29 U.S.C. § 2611(11)(B). To meet this requirement, Ms. Budy must prove that she suffered more than three consecutive days of incapacity due to her illness. *See* 29 C.F.R. § 825.115(a). Without proof of incapacity, Ms. Budy is unable to show she suffered from a "serious health condition." *Id*.

There is no medical evidence that Ms. Budy was incapacitated for a period of more than three consecutive days, or that she was unable to perform the requirements of her position as a

7

FedEx courier. Rather, Ms. Budy's medical records show normal or unremarkable examinations, tests, and scans during the summer of 2011. Ms. Buddy even admitted that her physicians were unable to diagnose what caused her joint pain. Further, her medical records did not restrict Ms. Budy from performing her job duties or any other activities.

Ms. Budy tries to overcome this problem by stating in an affidavit that her joint pain was severe enough to prevent her from working on June 16 and June 17, 2011, and from doing anything physically demanding on June 18 and 19, 2011, which were weekend days, when she was not scheduled to work. The affidavit is insufficient to prove that she was incapacitated due to a serious health condition. *See Lackey v. Jackson County, Tenn.*, 104 F. App'x 483, 489 (6th Cir. 2004) (agreeing with the district court that the plaintiff's own allegations and ambiguous doctor notes failed to establish that plaintiff had a serious health condition). Therefore, Ms. Budy's affidavit does not demonstrate that she was incapacitated or seriously ill for more than three consecutive days.

Accepting for the sake of argument, however, that even if Ms. Budy could show that she was "incapacitated" for the four consecutive days in June of 2011, including the two weekend days on which she was not scheduled to work, there is no evidence that FedEx knew that she was incapacitated during this time. Ms. Budy concedes that FedEx could only have known that joint pain caused her to be absent for June 16 and June 17, her scheduled working days. Ms. Budy stated that she told her managers at FedEx that she was having knee and shoulder problems and she "was sick and couldn't get out of bed." This is not enough information, however, for Ms. Budy's supervisors to know that she was suffering from a FMLA-qualifying condition for more than three days.

8

The Sixth Circuit stated in *Festerman v. County of Wayne*, 611 F. App'x 310, 315 (6th Cir. 2015) (internal quotation marks and citations omitted):

> [T]o invoke the protection of the FMLA, an employee must provide notice and a qualifying reason for requesting the leave. Whether an employee has submitted adequate notice to an employer of the employee's intent to take leave under the FMLA is an intensely factual determination. When an employee seeks leave for the first time for a FMLA-qualifying reason, the employee need not expressly assert rights under the FMLA or even mention the FMLA. The standard, as established by this Court, is whether the employee has given the employer enough information for the employer to reasonably conclude that an event described in the FMLA § [2612(a)(1)] has occurred. Section 825.303(b) makes it clear that merely calling in sick is insufficient to trigger any obligation of the employer under the FMLA. The employee's burden, however, is not a heavy one. Instead, once the employee has met his initial burden, the onus to obtain any additional required information is on the employer.

Ms. Budy's admitted comments that she was having knee and shoulder problems and she "was sick and couldn't get out of bed" to her managers is exactly the "calling in sick" which *Festerman* found to be insufficient. *Id*. These comments would not give FedEx enough information to conclude the two days in question would qualify as FMLA leave. *Id*.

Ms. Budy further claims that her "severe joint pain" caused her to arrive one minute late to work on June 20, 2011. However, there is no evidence indicating this tardiness was attributable to that condition. Although Ms. Budy has submitted an affidavit that pain caused her to be late for work on that date, the affidavit conflicts with her deposition wherein she testified that she did not remember why she was late for work on June 20.

Ms. Budy further testified in her deposition that she may not have given her manager a reason why she was late to work. Ms. Budy cannot create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony. *See Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986). Her affidavit

9

cannot defeat FedEx's motion for summary judgment. *See Aerel, S.R.L. v. PCC Airfoils, LLC*, 448 F.3d 899, 908 (6th Cir. 2006).

Furthermore, even if Ms. Budy had a qualifying FMLA condition, the applicable regulation during the time period in question limited the circumstances under which absences can be designated as FMLA leave after the fact. Specifically, Ms. Budy was required to notify FedEx within two business days of returning to work that her leave was for a FMLA reason. Absent this timely notification, she cannot subsequently assert FMLA protections for that leave. 29 C.F.R. § 825.208(e)(1).[1] Ms. Budy waited more than a year to assert a FMLA reason for her tardiness in June 2011. Thus, she did not give FedEx the required timely notice that her tardiness was for an FMLA reason. *Id*.

Ms. Budy argues that FedEx had already approved her use of intermittent FMLA leave during the summer of 2011. Thus, her tardiness during that time should be deemed as intermittent FMLA leave. Although FedEx approved Ms. Budy's 2011 request to take intermittent leave under the FMLA, the request and approval was for the care and treatment of her daughter's serious health condition, not for Ms. Budy. There is no evidence that Ms. Budy requested, and was approved by FedEx, to use intermittent FMLA leave for her own health conditions. Although Ms. Budy suggests some of her tardies in 2011 were attributed to her daughter's health condition, there is no evidence to support this assertion. To the contrary, Ms. Budy's testimony refutes this position. In her deposition, Ms. Budy testified that she never used any intermittent FMLA leave to care for her daughter during the period which FedEx had approved.

---

[1] On February 6, 2013, the prior language of § 825.208 was eliminated and the section was designated as "Reserved." 78 Fed. Reg. 8924 (Feb. 6, 2013). The notice requirements for employees are now contained in 29 C.F.R. § 825.302–04.

Despite being approved to take intermittent FMLA leave, Ms. Budy still must provide sufficient notice of her intent to take intermittent FMLA leave on any of the days she was late to work in 2011. In *Brennenman v. MedCentral Health Sys.*, 366 F.3d 412, 425 (6th Cir. 2004), the Sixth Circuit held that despite being qualified for FMLA coverage, a plaintiff must still provide the employer the requisite notice that an absence qualified as leave under the FMLA in a timely fashion. Although she had been approved for intermittent leave to care for her daughter, this fact does not provide sufficient notice to FedEx that any of Ms. Budy's tardies in 2011 may have been due to her daughter's or her own FMLA-qualifying illnesses. Without the notice, the tardies are not protected by the FMLA. *See id*. For these previously stated reasons, the Court finds that Ms. Budy has failed to establish a prima facia case of FMLA interference. *Donald*, 667 F.3d at 761.

FedEx is also entitled to summary judgment regarding Ms. Budy's FMLA retaliation theory. In reviewing the evidence, the Court finds that FedEx terminated Ms. Budy for the legitimate, nondiscriminatory reason of not complying with the company's policies and procedures. The record is replete with repeated instances of Ms. Budy's failure to timely arrive to work and to properly punch her time card.

Ms. Budy requested and was approved to take FMLA leave in order to care for her daughter. Despite receiving such approval, no FMLA leave was taken for that purpose. Ms. Budy did not request FMLA leave for herself. In addition, she did not request in a timely manner, before or after the dates in question, that her leave and tardiness be considered FMLA leave. Further, Ms. Budy had a long history of extreme tardiness, despite numerous warnings regarding such behavior. Given the lack of medical evidence of a serious health issue, the lack of the required FMLA notice regarding the dates in question, and her extensive history of tardiness, the

11

Court finds that Ms. Budy has not established a causal connection between her termination and her FMLA rights. Thus, Ms. Budy has not established a prima facie case of retaliation. *Seeger*, 681 F.3d at 282–83.

Regarding Ms. Budy's supplemental state law claims of sex and age discrimination, 28 U.S.C. § 1367(c)(3) allows this Court to decline to exercise supplemental jurisdiction over state law claims if this Court "has dismissed all claims over which it has original jurisdiction . . . ." Because the Court has dismissed Ms. Budy's federal claim, the Court declines to exercise jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996). Accordingly, Ms. Budy's state law claims are remanded to the Wood County, Ohio, Court of Common Pleas for further proceedings.

V.  Conclusion

Summary judgment is granted to FedEx regarding Ms. Budy's FMLA claim. Ms. Budy's supplemental state law claims of sex and age discrimination are remanded to the Wood County, Ohio, Court of Common Pleas for further proceedings.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE